UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

UNITED STATES OF AMERICA,

                          S1 23 cr. 302 (PGG)

  -against-

YIYI CHEN,

       Defendant.

-------------------------------------X


**REQUEST TO CHARGE**


                                      KIRTON LAW FIRM
                                      Attorney for Defendant
                                      YIYI CHEN
                                      175 Fulton Avenue, Suite 305,
                                      Hempstead, New York 11550
                                      Phone: (516) 833-5617
                                      Fax: (516) 833-5620
                                      kirtonlawfirm@gmail.com
                                      By: Marlon G. Kirton, Esq.
                                          Shaoming Cheng, Esq.

The Defense requests that the Court give its usual instructions to the jury on the following matters:

    a. Function of Court and Jury

    b. Statements of Court and Counsel, Not Evidence

    c. Rulings on Evidence and Objections

    d. Burden of Proof and Presumption of Innocence

    e. Reasonable Doubt

    f. Government Treated Like Any Other Party

    g. Definitions and Examples of Direct and Circumstantial Evidence

    h. Inferences

    i. Credibility of Witnesses

    j. Interest in Outcome

    k. Right to See Exhibits and Have Testimony Read During Deliberations

    l. Verdict of Guilt or Innocence Must be Unanimous

    m. Jury's Recollection Governs

    n. Note-Taking by Jurors

    o. Duty to Base Verdict on Evidence

    p. Duties of the Foreperson and Return of Verdict Form

    q. Defendant Testimony (If Applicable)

    r. No Burden for Defendant to Testify (If Applicable)

    s. Expert Testimony

    t. Cooperator Testimony

    u. Presumption of Innocence

**Request No. 1: All Persons Equal Before the Law; Improper Considerations**

In performing your role as jurors in this case, you must remember that all parties stand equal before a jury in the courts of the United States. The fact that the government is a party, and that the prosecution is brought in the name of the United States, does not entitle the government or its witnesses to any greater consideration than that accorded to any other party. You must give it no less consideration.

In reaching your decision as to whether the government sustained its burden of proof, you may not consider any personal feelings you may have about any of the defendants' race, ethnicity, national origin, sex, or age or that of any witness or anyone else involved in this case.

All persons charged with a crime are entitled to the same presumption of innocence. The government also has the same burden of proof concerning all persons. Accordingly, the defendants' status does not lessen or increase the government's burden of proof. As with any other individual charged with a crime, the issue is whether the government has met its burden of demonstrating each and every element of the offense beyond a reasonable doubt.

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. Both sides are entitled to a trial free of prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

**AUTHORITY**

Trial Jury Charge 6-7, *United States v. Valle*, No. 12 CR 0847 (PGG) (SDNY Mar. 7, 2013).

**Request No. 2: Implicit Bias**

Our justice system depends on judges like me and jurors like you being able and willing to make careful and fair decisions. Scientists studying how our brains work have shown that our first responses are often like reflexes for all of us. Just like our knee reflexes, our mental responses are quick and automatic. Even though these quick responses may not be what we consciously think, they could influence how we judge people or even how we remember or evaluate the evidence.

Scientists have taught us some ways to be more careful in our thinking that I ask you to use as you consider the evidence in this case:

- Take the time you need to test what might be reflexive or unconscious responses and to reflect carefully and consciously about the evidence.

- Focus on individual facts; do not jump to conclusions that unintended stereotypes or associations may have influenced.

- Try taking another perspective. Ask yourself if your opinion of the parties, witnesses, or the case would be different if the people participating looked different or belonged to a different group.

You must each reach your own conclusions about this case individually, but you should do so only after listening to and considering the opinions of the other jurors, who may have different backgrounds and perspectives from yours. Working together will help achieve a fair result.

**AUTHORITY**

AIJ Project, Achieving an Impartial Jury Toolbox pp. 17-20, https://www.americanbar.org/content/dam/aba/publications/criminaljustice/voirdire_toolchest.authcheckdam.P

**Request No. 3: Aiding and Abetting Liability**

Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principle.

A person who aids and abets another to commit a substantive crime (Mention the applicable

charge) is just as guilty of that crime as if he had personally committed it. You must find the defendant you are considering guilty of (Mention the applicable charge) if you find beyond a reasonable doubt that the Government has proven (Mention the applicable charge) and the defendant you are considering helped or assisted that person in the commission of that offense.

The first requirement of aiding and abetting liability is that somebody else has committed the crime at issue (Mention the applicable charge). A defendant cannot be convicted of aiding and abetting if nobody committed the underlying crime. But if you do find that the underlying crime at issue was committed by someone other than the defendant you are considering, you should consider whether that defendant aided or abetted the person who actually committed (Mention the applicable charge).

To aid and abet another to commit a crime, the defendant you are considering must have willfully and knowingly associated himself in some way with the crime, and he must have willfully and knowingly sought by some act to help make the crime succeed. Participation in a crime is willful if the action is taken voluntarily and intentionally.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge that a crime is being committed, is not enough to make him an aider and abettor. A defendant's acquiescence in the criminal conduct of others even with guilty knowledge is not enough to establish aiding and abetting. The aider and abettor must have his own affirmative interest in the criminal venture.

To determine whether the defendant you are considering aided or abetted the commission of a given crime you are considering, you should ask yourself these questions:

- Did someone other than the defendant you are considering commit the crime at issue (Mention applicable counts)? If so, did the defendant you are considering participate in a crime charged as something that he wished to bring about?

- Did he associate himself with the attempt to commit (Mention applicable counts)?

- Did he seek by his actions to make the criminal venture succeed?

If so, he is an aider and abettor and therefore he is guilty of the offense under consideration. If not, he is not an aider and abettor and is not guilty of the offense under consideration.

## AUTHORITY

*United States v. Gary Tanner, 17 cr. 0061 (LAP) (SDNY)*

## DEFENSES

## ENTRAPMENT

Ms. Chen asserts as an affirmative defense that she was entrapment by Confidential sources of the DEA. Specifically, Ms. Chen maintains that she was the victim of Entrapment in connection with the 2023 undercover operation and that her only involvement in the charged conspiracy was in connection with that operation.

Where a person has no previous intent or purpose to violate the law, but is induced or persuaded by government officers, agents, or informants, to commit a crime, he or she is the victim of entrapment, and the law forbids a conviction for such an offense. However, where a person already has the readiness and willingness to violate the law, the fact that the government provided a favorable opportunity to commit the offense is not entrapment. The defense of entrapment can be reduced to two necessary elements:

(1) the government induced the defendant to commit the offense charged; and

(2) the defendant was not ready and willing or predisposed to commit the offense.

The first element of the defense of entrapment is that the government induced the defendant to commit the crime. Inducement is defined as soliciting, proposing, initiating, broaching, or suggesting that Ms. Chen commit the crimes charged. I can instruct you that this element in this case has been established. However, that does not end the inquiry. The government can defeat a defense of

6

entrapment by proving beyond a reasonable doubt that Ms. Chen was predisposed to commit the charged crimes. If, on the other hand, Ms. Chen was not ready and willing to commit the crimes, and the government presented her with an opportunity to do so, she was simply presented with an opportunity to do so, she was not entrapped.

Predisposition is measured independently from the government's inducement, and there are three different ways for the government to establish predisposition.

First, the government may show an existing course of criminal conduct similar to the crime which is charged, for example, that the defendant is predisposed to commit the crime charged based on criminal conduct he was engaged in at the time of the government's involvement.

Second, the government may prove an already formed design on the part of the defendant to commit the crime for which he is charged.  If, for example, the defendant made plans to commit the charged crimes before the government's involvement.

Third, the government may establish a willingness to submit the crime charged as evidenced by the defendant's ready response to the government's inducement.  For example, predisposition may be established if the government proves the defendant quickly and enthusiastically responded to the government's inducement.

In deciding the question of entrapment, you may consider the defendant's prior conduct.  However, you may only consider this evidence in order to determine whether he was entrapped.  You may not consider this evidence as proof that he actually committed the offense charged in the indictment, and you are free to find that she was not predisposed to commit the crime even if he previously engaged in similar conduct.  If you find that the defendant was predisposed to commit the offense, then you must find that he was not the victim of entrapment. On the other hand, if, after considering all the evidence, you have a reasonable doubt as to whether the defendant was predisposed to commit the offense, you must acquit him of the offense.

To summarize, because the inducement has been established, to defeat the defense of entrapment,

7

the government must prove beyond a reasonable doubt that the defendant was predisposed – or ready and willing – to commit these charged crimes. If the government has not met that burden, Ms. Chen should be acquitted.

## AUTHORITY

*US v. Tyrone Woolaston*, 18 cr. 212 (RWS) (SDNY)

## CONCLUSION

The defendants respectfully request that the foregoing instruction be given. They also request leave to amend the proposed charges or submit additional charges as necessary.

Dated: December 13, 2024
      Hempstead, NY 11550

Respectfully Submitted,

*Marlon Kirton*
Marlon G. Kirton, Esq.
Shaoming Chen, Esq.
175 Fulton Avenue, Suite 305
Hempstead, New York 11550
Tel: (516) 833-56717
*Counsel for Yiyi Chen*

8

**PAGE INTENTIONALLY LEFT BLANK**