

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

December 31, 2024

**BY ECF AND EMAIL**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:    **United States v. Qingzhou Wang and Yiyi Chen, S1 23 Cr. 302 (PGG)**

Dear Judge Gardephe:

The Government respectfully writes to supplement its motions *in limine*, filed December 13, 2024 ("Mot.," Dkt. 92), and to request that the Court admit Government Exhibits 301A–G and 302–304, attached hereto. These business records, which are accompanied by custodial certifications, are self-authenticating and non-hearsay under Federal Rules of Evidence 803(6), 902(11) and (13), and 18 U.S.C. § 3505. The Court should therefore admit the proposed exhibits without the testimony of records custodians at trial.

<u>**Background**</u>

In its motions *in limine*, the Government advised that it anticipated offering at trial the business records of NameSilo LLC ("NameSilo"), Meta Platforms Inc. ("Meta"), and Aux Cayes FinTech Co. Ltd. ("OKX"), among others.[1] (Mot. at 29) The Government further advised that it was "presently conferring with defense counsel regarding potential stipulations to these records, but to the extent that the defense will not stipulate to their authenticity, the Government respectfully submits that the records are self-authenticating under Federal Rules of Evidence 902(11) and 902(13), and are admissible as non-hearsay under Federal Rule of Evidence 803(6)." (*Id.*) The Government submitted a custodial certification from NameSilo and wrote that it was "presently obtaining certifications from Meta . . . and OKX, and will supplement this motion if it is not mooted by stipulation." (*Id.* at 30).

While, of course, the defense is under no obligation to stipulate to the admissibility of any records, on December 24, 2024, the defense advised the Government that it could agree to stipulate to the NameSilo, Meta, and OKX business records, subject to timely receipt of appropriate custodial certifications and review of a written stipulation. The Government produced to the defense the NameSilo certification on December 13, the Meta certification on December 26, and

---

[1] Though previewed in its motions *in limine*, (Mot. at 29), the Government is not seeking to admit business records of LinkedIn Corporation at this time.

*U.S. v. Qingzhou Wang and Yiyi Chen*, S1 23 Cr. 302 (PGG)                                    Page 2
Hon. Paul G. Gardephe
December 31, 2024

the OKX certification on December 30, 2024.[2]  The Government also provided the defense with a draft stipulation and proposed business record exhibits on December 26, 2024.  On December 30, 2024, prior to receipt of the OKX certification, the defense informed the Government that it was no longer willing to stipulate to the NameSilo or OKX business records.  Accordingly, the Government now respectfully requests that the Court admit Government Exhibits 301A–G and 302–304 pursuant to Rule 803(6), Rule 902(11) and (13), and 18 U.S.C. § 3505 as self-authenticating business records without the testimony of records custodians at trial.

## **The Proposed Exhibits**

Government Exhibits 301A–G are excerpted records of the domain registrar NameSilo.[3] The records show that seven website domains operated by defendant Hubei Amarvel Biotech Co., Ltd., a/k/a "AmarvelBio," ("Amarvel Biotech") and its affiliates — amarvelbio.com, 14bdo-gbl.com, buybmkpowder.com, pmk-piperidine.com, buypmk28578-16-7.com, 5449-12-7.com, and whwingroup.com — were registered by "Chiron Chen."  Evidence at trial, including messages from defendant Yiyi Chen to a DEA confidential source and content from Chen's cellphones, will establish that Chen used the name "Chiron Chen."

Government Exhibits 302 and 303 are excerpted account records of the social media platform Meta.  These records show that a Facebook page and a Facebook group operated by Amarvel Biotech were registered under the phone number +86 13297909263.  Evidence at trial, including extractions of Chen's cellphones, will establish that Chen used this phone number.

Government Exhibit 304 is an excerpted and redacted record of the cryptocurrency exchange OKX.  This record shows that a specific OKX account was registered in defendant Qingzhou Wang's name and contained a copy of his photo ID.  The record further shows that Wang's OKX account held the cryptocurrency wallet into which the conspirators asked the DEA confidential sources to remit payment, and in fact received two deposits of cryptocurrency from the DEA in this case.

The full business records and accompanying custodial certifications from NameSilo, Meta, and OKX are attached as Exhibits A through C, respectively.  The Government does not seek to introduce the entirety of the business records produced by NameSilo, Meta, and OKX, but only the relevant excerpts it has identified as Government Exhibits 301A–G and 302–304.[4]

---

[2] The substantive business records for NameSilo, Meta, and OKX were produced to the defense in discovery on August 10 and August 18, 2023.  NameSilo provided refreshed business records with its certification on December 13, 2024, which contained minor updates to the records originally produced on August 10, 2023.

[3] The full NameSilo records and custodial certification were attached as Exhibit D to the Government's motions *in limine*, and pertinent portions are now excerpted as Government Exhibits 301A–G attached hereto.

[4] Nor does the Government seek to enter the custodial certifications into evidence.  *See United States v. Qualls*, 613 F. App'x 25, 28 n.1 (2d Cir. 2015) (declining to reach the issue of whether

*U.S. v. Qingzhou Wang and Yiyi Chen*, S1 23 Cr. 302 (PGG)                                    Page 3
Hon. Paul G. Gardephe
December 31, 2024

## <u>The Court Should Admit Government Exhibits 301A–G and 302–304</u>

For the same reasons set forth in the Government's motions *in limine* with respect to the NameSilo records, the business records of Meta are self-authenticating under Federal Rule of Evidence 902(11) and (13) and admissible as an exception to the hearsay rule under Rule 803(6). (*See* Mot. at 30–32). The business records of OKX, a foreign business entity, are similarly self-authenticating under 18 U.S.C. § 3505 and admissible under Rule 803(6). The attached certifications from NameSilo, Meta, and OKX comply in all respects with the requirements of Rule 902(11) and Section 3505, and there is no basis to contest the authenticity of the underlying business records, which were produced to the defense more than a year ago.[5] Because the Government has excerpted the Meta and OKX records — and now, the NameSilo records — to display only the indisputably pertinent portions, there is also no basis to preclude them under Rules 401 or 403.

Courts in this District have regularly admitted business records like the NameSilo, Meta, and OKX records here. *See, e.g.*, *United States v. Carter*, No. 21 Cr. 681 (NSR), 2024 WL 268248, at *2–5 (S.D.N.Y. Jan. 24, 2024) (Meta records accompanied by custodial certifications were self-authenticating); *United States v. Weigand*, No. 20 Cr. 188 (JSR), 2021 WL 568173, at *3 (S.D.N.Y. Feb. 14, 2021) (bank account records accompanied by custodial certifications were self-authenticating). Doing so here would serve the salutary function of the business-records exception in "preserv[ing] the efficiency and integrity of the truth-seeking process." *United States v. Feliz*, 467 F.3d 227, 236 (2d Cir. 2006); *accord United States v. Pluta*, 176 F.3d 43, 49 (2d Cir. 1999) (purpose of Section 3505 is to create "a simple, inexpensive substitute for the cumbersome and expensive procedures presently required for the admission of foreign business records" (quoting H. Rep. No. 98–907, at 3)). Indeed, requiring the live testimony of records custodians "in complex cases such as this one, that involve the admission of business records from numerous sources, including foreign entities, . . . would dramatically decrease judicial efficiency at minimal or no gain to the truth-seeking process." *United States v. Qualls*, 553 F. Supp. 2d 241, 246 (E.D.N.Y. 2008), *aff'd*, 613 F. App'x 25, 28 (2d Cir. 2015).

---

"the Confrontation Clause would be implicated by admitting certifications prepared by records custodians solely to authenticate or lay the foundation for otherwise admissible business records"). Admitting the substantive business records does not violate the Confrontation Clause because the records are not testimonial. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009) ("Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because — having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial — they are not testimonial.").

[5] *See* note 2, *supra*.

*U.S. v. Qingzhou Wang and Yiyi Chen*, S1 23 Cr. 302 (PGG)                                    Page 4
Hon. Paul G. Gardephe
December 31, 2024

## Conclusion

Government Exhibits 301A–G and 302–304 are routine business records that meet the requirements of Federal Rules of Evidence 803(6), 902(11) and (13), and 18 U.S.C. § 3505.  The Court should therefore rule them admissible without the testimony of records custodians at trial.

Respectfully submitted,

EDWARD Y. KIM
Acting United States Attorney


By: ___/s/_____
Alexander Li / Kevin Sullivan
Assistant United States Attorneys
(212) 637-2265 / -1587

cc:      All counsel of record (*by ECF*)

Enclosures:

1. Government Exhibits 301A–G (Excerpted NameSilo Records)
2. Government Exhibits 302–303 (Excerpted Meta Records)
3. Government Exhibit 304 (Excerpted OKX Record)
4. Exhibit A (Full NameSilo Records and Certification)
5. Exhibit B (Full Meta Records and Certifications)
6. Exhibit C (Full OKX Records and Certification) (*electronic files provided by email*)