

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 14, 2025

**BY ECF**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    <u>United States</u> v. <u>Qingzhou Wang</u> and <u>Yiyi Chen</u>, S1 23 Cr. 302 (PGG)

Dear Judge Gardephe:

      The Government respectfully moves *in limine* to admit at trial certain chat messages and emails from defendant Yiyi Chen's cellphone as direct proof of her knowing participation in the charged conspiracy to manufacture and distribute fentanyl in the United States, and as proof of the existence of the fentanyl conspiracy. In the alternative, these messages and emails should be admitted pursuant to Federal Rule of Criminal Procedure 404(b) as proof of Chen's knowledge, intent, preparation, plan, identity, and absence of mistake. Specifically, as set forth below, the Government seeks to offer at trial Government Exhibits 809A, 809A-T, 809A-1, 809B, 809B-1, 809B-2, and 810 through 813, which are attached hereto.

<u>**Government Exhibit 809 Series**</u>

      Government Exhibits 809A and 809B, and their respective attachments, are excerpts of a WhatsApp group chat involving Chen and FNU LNU, a/k/a "Er Yang," a/k/a "Anita," among others, in which Chen directed customer orders for fentanyl and a fentanyl precursor to Amarvel Biotech sales representatives.

      Government Exhibit 809A[1] shows the creation of the group chat by Chen and her addition of several Amarvel Biotech sales representatives, including Yang.[2] On or about May 10, 2022, Chen explicitly stated the purpose of the group chat: "It will make it easier for me to organize

---

[1] A translated copy of Government Exhibit 809A, which is partially in Mandarin, is Government Exhibit 809A-T. The screenshot that Chen circulated in Government Exhibit 809A is Government Exhibit 809A-1.

[2] In the group chat, Yang used the name "Fanny Amarvelbio." Evidence at trial will establish that Yang used the same telephone number to communicate with the DEA confidential sources under the name "Anita." In chat messages found on Chen's phone, Yang also told Chen and Wang that Yang was using the name "Anita" and not "Fanny" to communicate with her customer (*i.e.*, the first DEA confidential source).

inquiries by websites later." (GX 809A-T at 3).  On or about May 27, 2022, Chen circulated the first such inquiry, in the form of a screenshot of a chat exchange with a prospective customer, to the Amarvel Biotech sales representative group chat.  (GX 809A-T at 8).  In the screenshot, the sender — who used a U.S. country code (+1) — wrote "Do you have CAS 437-38-7?" (GX 809A-1).  Evidence at trial will establish that 437-38-7 is the CAS registry number for fentanyl.  The recipient — who the Government will argue is Chen, given her self-declared role in "organiz[ing] inquiries by websites" and the fact that she circulated the screenshot — responded: "Thank you for contacting AmarvelBio!  Please let us know how we can help you." (GX 809A-1).  Chen then added, "Hi, our sales manager Jenny will contact you soon." (GX 809A-1).  After Chen circulated the screenshot of her customer exchange to the Amarvel Biotech group chat, a participant named "JENNY Amarvelbio" responded with an "ok" hand emoji.

Government Exhibit 809B[3] shows Chen's continued operation of the group chat in May 2023 to facilitate the manufacture and distribution of fentanyl.  On or about May 19, 2023 — the same time period that she was negotiating with the DEA confidential sources in this case — Chen circulated two screenshots of another chat message exchange with a prospective customer.  (GX 809B at 2).  In the screenshots, the sender — who again used a U.S. country code (+1) — wrote that his "lab" was interested in "79009-07-3 and similar compounds," and asked to place a "first order to the US." (GX 809B-1).  Proof at trial will establish that 79009-07-3 is the CAS registry number for 1-boc-4-piperidone, one of the fentanyl precursors that the DEA confidential sources ordered and that the conspirators shipped in January 2023 to the United States in this case.  Chen responded "Thank you for contacting AmarvelBio!  Please let us know how we can help you." (GX 809B-1).  Acknowledging the order, Chen subsequently added that sending "to USA is much more easy than Mexico." (GX 809B-2).  After Chen circulated these screenshots to the Amarvel Biotech group chat, a participant named "SHARON Amarvelbio" responded with an "ok" hand emoji.

These messages are direct proof of the existence of a conspiracy among Chen, Yang, and others to manufacture and distribute fentanyl in the United States.  While these specific customer interactions were not charged in the Indictment, "[w]hen the indictment contains a conspiracy charge, uncharged acts may be admissible as direct evidence of the conspiracy itself." *United States v. Thai*, 29 F.3d 785, 812 (2d Cir. 1994) (uncharged conduct admissible without reference to Rule 404(b) as proof of "the existence and structure of the BTK enterprise, as to the leadership roles played by Thai and LV Hong, and as to the discipline imposed by the BTK leaders on the rank-and-file members"); *see also United States v. Kemp*, No. 21-1684-cr, 2023 WL 405763, at *6 (2d Cir. Jan. 26, 2023) (uncharged shootings were "probative of the existence of the narcotics conspiracy because it showed that the co-conspirators defended the reputation and territory of their drug operation against drug rivals through violence, thus enabling that operation to continue").  Chen's intake of customer orders for fentanyl and a fentanyl precursor, where the customers appeared to be in the United States, and then her direction of those orders to other Amarvel Biotech sales representatives, is clear proof of the existence of the fentanyl conspiracy charged in this case.

---

[3] The screenshots that Chen circulated in Government Exhibit 809A are Government Exhibit 809B-1 and 809B-2.

*U.S. v. Qingzhou Wang and Yiyi Chen*, S1 23 Cr. 302 (PGG)                                    Page 3
Hon. Paul G. Gardephe
January 14, 2025

      These messages are also direct proof of Chen's role and knowing participation in the conspiracy. "Evidence of uncharged criminal conduct is not evidence of 'other crimes, wrongs, or acts' under Rule 404(b) if that conduct arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." *United States v. Robinson*, 702 F.3d 22, 37 (2d Cir. 2012). Chen's messages in the Amarvel Biotech sales representatives group chat vividly display her role as website operator, first-line liaison to English-speaking customers in the United States, and manager to sales representatives like "JENNY Amarvelbio" and "SHARON Amarvelbio." That proof is "inextricably intertwined" with the proof at trial of her role within the charged conspiracy, including her direct engagement with English-speaking customers in the United States (*i.e.*, the DEA confidential sources) and managing a sales representative at Amarvel Biotech (*i.e.*, Yang). For similar reasons, this proof is also necessary to complete the story of the crime at trial.

      In the alternative, the Government Exhibit 809 series should be admitted under Rule 404(b) as proof of Chen's knowledge, intent, preparation, plan, identity, and absence of mistake.[4] The Second Circuit "has adopted an 'inclusionary' approach to other act evidence under Rule 404(b), which allows such evidence to be admitted for any purpose other than to demonstrate criminal propensity." *United States v. LaFlam*, 369 F.3d 153, 156 (2d Cir. 2004) (emphasis added). As the Court has observed, "it is clear that Chen intends to place her knowledge and intent at issue in this case." (Tr. 38). That Chen worked with other Amarvel Biotech sales representatives to handle orders from customers, apparently based in the United States, for fentanyl and a fentanyl precursor is highly probative of her role within the charged conspiracy and her knowledge of, and intent to participate in, the scheme. This evidence of Chen handling fentanyl and fentanyl precursor orders on other occasions is not unfairly prejudicial because it is "no more sensational or disturbing than the crimes with which [she is] charged." *United States v. Curley*, 639 F.3d 50, 59 (2d Cir. 2011).

### Government Exhibits 810 through 813

      Government Exhibits 810 through 813 are four emails that Chen received from "Google Ads Policy manager" in August 2022. Each warns Chen that an advertisement she placed was

---

[4] This motion also serves as Rule 404(b)(3) notice as to the exhibits identified herein. Although Rule 404(b)(3)(C) requires pretrial notice, the Court may, for "good cause," excuse the lack of pretrial notice. Fed. R. Crim. P. 404(b)(3)(C). If the Court finds Rule 404(b) applicable, there is good cause to excuse the delay here because: (1) the Government marked the exhibits and produced them to the defense on January 7, 2025, six days before trial began; (2) the Government produced the underlying records on October 9, 2024, more than three months before trial; (3) the defense has, thus far, raised no objection to the admissibility of these exhibits; (4) as set forth herein, the Government has a good-faith basis to believe these exhibits are admissible as direct proof in this case; (5) when alerted by the Court yesterday that the Court might instead view such evidence through the lens of Rule 404(b), (*see* Tr. 59), the Government promptly filed this motion; and (6) the Government does not anticipate offering these exhibits until near the end of its case-in-chief, providing the defense with ample opportunity to prepare or respond to this motion *in limine*.

*U.S. v. Qingzhou Wang and Yiyi Chen*, S1 23 Cr. 302 (PGG)                                              Page 4
Hon. Paul G. Gardephe
January 14, 2025

"[d]isapproved," expressly noting "fentanyl" and citing the need for a certificate (e.g., "Prescription Opioid Painkillers").  These emails demonstrate Chen's knowledge that that the websites she operated — portions of which will be offered into evidence in this case — were openly advertising the manufacture and distribution of fentanyl.  Evidence from Chen's phone will also show that she communicated with Wang about the roadblocks to Amarvel Biotech's online advertising.  On or about April 25, 2023 — even as he was negotiating with the confidential sources in this case — Wang messaged Chen: "Still can't push ads on the official website?"  Chen responded: "Appeals in progress."

      Like Chen's messages to the Amarvel Biotech sales representative group chat, her emails from Google are direct proof of Chen's role and knowing participation in the conspiracy.  The Google warnings that Chen received for fentanyl-related advertising are "inextricably intertwined" with the proof at trial of her role within the charged conspiracy, which included operating the websites of Amarvel Biotech and its affiliates advertising, among other things, the sale of precursor chemicals for the express purpose of manufacturing fentanyl and the use of concealed packaging to evade detection at customs.  Because the emails from Google show Chen's direct participation in managing the fentanyl-related advertising on the websites, they also help to complete the story of the crime.

      In the alternative, Government Exhibits 810 through 813 should be admitted under Rule 404(b) as proof of Chen's knowledge, intent, preparation, plan, identity, and absence of mistake.  Chen has signaled that she will dispute the Government's account of her role in operating the websites of Amarvel Biotech and its affiliates, and the resulting inference that she knew the chemicals she sold we be used to make fentanyl in the United States; indeed, her proposed expert even proposed to opine that Chen's work duties were "technical in nature" and did not involve "uploading or managing the content or advertisements on these sites." (Tr. 21).  The four Google warnings that Chen received are clear proof that Chen was keenly aware of what her websites advertised.  This evidence is not more prejudicial than probative because it consists of just four emails, none of which are graphic or distressing.  In any event, the emails are not more sensational or disturbing than the crimes with which Chen is charged.  *Curley*, 639 F.3d at 59.

      For the foregoing reasons, the Court should rule Government Exhibits 809A, 809A-T, 809A-1, 809B, 809B-1, 809B-2, and 810 through 813 admissible at trial.  The Government would not object to a limiting instruction, if requested by the defense, as to the purposes of the evidence permitted by the Court.

                                        Respectfully submitted,

                                        EDWARD Y. KIM
                                        Acting United States Attorney


                              By:   /s/
                                    Alexander Li / Kevin Sullivan
                                    Assistant United States Attorneys
                                    (212) 637-2265 / -1587

*U.S. v. Qingzhou Wang and Yiyi Chen*, S1 23 Cr. 302 (PGG)                                    Page 5
Hon. Paul G. Gardephe
January 14, 2025

cc:        All counsel of record (*by ECF*)

Attachments:

Government Exhibits 809 series (809A, 809A-T, 809A-1, 809B, 809B-1, and 809B-2)
Government Exhibits 810 through 813