UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
                                     :
UNITED STATES OF AMERICA             :
                                     :   PRELIMINARY ORDER OF
            - v. -                   :   FORFEITURE AS TO
                                     :   <u>SPECIFIC PROPERTY</u>
YIYI CHEN,                           :
                                     :   S1 23 Cr. 302 (PGG)
            Defendant.               :
                                     :
------------------------------------ x

        WHEREAS, on or about October 3, 2024, YIYI CHEN (the "Defendant"), was charged in three counts of a five-count Superseding Indictment, S1 23 Cr. 302 (PGG) (the "Indictment"), with fentanyl trafficking conspiracy, in violation of Title 21, United States Code, Section 846 (Count One); conspiracy to import 1-boc-4-AP, in violation of Title 21, United States Code, Section 963 (Count Two); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Sections 1956(h) and 1956(f) (Count Five);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One and Two of the Indictment, and any and all property used, or intended to be used, in any manner or part, to commit and to facilitate the commission of the offenses charged in Counts One and Two of the Indictment;

        WHEREAS, the Indictment included a forfeiture allegation as to Count Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Five of the Indictment, and any property traceable to such property, including but not limited

to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Five of the Indictment;

WHEREAS, on or about June 22, 2023, pursuant to a seizure warrant issued by the Honorable Barbara Moses, United States Magistrate Judge for the Southern District of New York, the Government seized the following internet domain names:

    a. amarvelbio.com;
    b. 14bdo-gbl.com;
    c. 5449-12-7.com;
    d. pmk-piperidine.com; and
    e. buypmk28578-16-7.com;

WHEREAS, on or about July 11, 2024, pursuant to a warrant issued by the Honorable Sarah Netburn, United States Magistrate Judge for the Southern District of New York, the Government seized the following additional internet domain names:

    f. whwingroup.com;
    g. 14-butanediol.com;
    h. 110-63-4.com;
    i. bdo110634.com;
    j. ghbbdo.com;
    k. pmk28578.com; and
    l. whrchem.com;

(a. through l., collectively, the "Specific Property");

WHEREAS, on or about January 29, 2025, the Defendant was found guilty, following a jury trial, of Counts Two and Five of the Indictment;

WHEREAS, the Government asserts that the Specific Property constitutes property used, or intended to be used, in any manner or part, to commit and to facilitate the commission of the offense charged in Count Two of the Indictment and property involved in the offense charged in Count Five of the Indictment;

WHEREAS, the Government seeks the forfeiture of the Defendant's right, title, and interest in the Specific Property, which constitutes property used or intended to be used, in any manner or part to commit, or to facilitate the commission of the offense charged in Count Two of the Indictment and property involved in the offense charged in Count Five of the Indictment; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts Two and Five of the Indictment, of which the Defendant was found guilty following a jury trial, all of the Defendant's right, title, and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant, YIYI CHEN, and shall be deemed part of the sentence of the Defendant and shall be included in the judgment of conviction therewith.

3. Upon entry of this Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4.  Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.  The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.  Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____
HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE

_August 22, 2025_
DATE